**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Atari Interactive, Inc., | Civil Action No. 1:20-cv-10379 |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| skinnyCorp, LLC d/b/a Threadless, | |
| Defendant. | |

1696456

## COMPLAINT

Plaintiff Atari Interactive, Inc. ("Atari"), as and for its complaint against Defendant skinnyCorp, LLC d/b/a Threadless, LLC ("Threadless"), alleges as follows:

## PARTIES

1.      Atari is a Delaware corporation with its principal place of business in New York, New York.

2.      Atari is informed and believes that Threadless is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Lanham Act.  *See* 15 U.S.C. §§ 1051, *et seq.*; 17 U.S.C. §§ 101, *et seq.*  This Court also has supplemental jurisdiction pursuant to 28 U.S.C sections 1367 and 1338(b).

4.      Venue in this district is proper under 28 U.S.C. section 1391 because Threadless is subject to personal jurisdiction here and Atari has suffered injury here.

5.      This Court has personal jurisdiction over Threadless because Threadless regularly markets and sells goods, including certain goods at issue in this case, to customers in New York. In addition, this Court has personal jurisdiction over Threadless because Threadless intentionally directed the tortious conduct described below knowing that the effects would be felt by Atari in this judicial district.

## GENERAL ALLEGATIONS

**A.      Atari Is an Iconic Video Game Brand.**

6.      Atari is one of the most famous video game brands in history. Founded in the early 1970s in California, Atari became the pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles—*e.g.*, the Atari 2600—that set new standards in design and function, and (b) a series of hit games—*e.g.*, Pong, Breakout, Asteroids, and many others.

7.      Atari became known to relevant consumers and the public at large by its inherently distinctive trade name, as well as its inherently distinctive A-shaped or "Fuji" logo design.  The Atari name and logo are depicted immediately below.



8.      Atari has continued to market, promote, license, and sell products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades.

9.      Video gamers new and old recognize and revere Atari's place as a very well-known and iconic pioneer of the video game industry.

10.     Atari has expanded into a multi-platform, global interactive entertainment company, adapting many of its classic games for online platforms such as Facebook, smartphones, and tablets.

11.     Atari has developed, promoted, and distributed new interactive entertainment and products, including a new VCS console (modeled off the design of the original 2600 unit) that raised more than $3 million in crowd-funding and which is currently in production.

12.     Atari has an active licensing business through which Atari has extended its brand into other media, merchandising, and publishing categories.

13.     The Atari name, logo, and classic video games, consoles, and joysticks are valuable intellectual property owned by Atari.

14.     Through commercial use and contractual agreements with its predecessors-in-interest, Atari is the owner of USPTO Registration No. 4,214,210 for the ATARI name and logo used in connection with, among other things, "printed matter, namely posters, stickers" and "articles of clothing"; and Atari is the owner of USPTO Registration No. 4,324,638 for the PONG name used in connection with, among other things "printed matter, namely posters, stickers" and "articles of clothing."  Appended hereto as Exhibits 1 and 2 are true and correct copies of the aforementioned trademark registrations.

15.     Through extensive and continuous promotion and sales, unsolicited press, and word of mouth, Atari also owns common law rights in various trademarks and trade dress, including the *Atari* name and logo, the *Pong* mark, and the overall look and feel of the classic Atari 2600 game console and joystick.

**B.     Threadless Knowingly Infringes Upon Atari's Intellectual Property Rights by Creating, Manufacturing, and Distributing Large Quantities of Counterfeit Atari Clothing and Printed Material.**

16.     Threadless runs the website www.threadless.com, which solicits designs from visitors to print on a variety of apparel and other merchandise—from t-shirts and sweaters to mugs and posters—which Threadless then offers for sale.  If a visitor to the site orders a product, Threadless processes the payment for the product, and then makes and ships—or directs a third-party to make and ship—the product to the purchaser.  Threadless then splits the profits with the person who originally uploaded the design.

17.     Threadless advertises, markets, creates, displays, offers for sale, sells, distributes, and profits from massive quantities of counterfeit Atari products.  Many of the counterfeit products incorporate exact replicas of the registered ATARI trademark (name and logo) on products in the classes for which the marks are registered. Other counterfeit products incorporate easily identifiable depictions of the Atari 2600 console and joystick with the distinctive red button.  A few examples are depicted below.  Others are shown in Exhibit 3.





18.     Threadless also advertises, markets, creates, displays, offers for sale, sells, distributes, and profits from counterfeit products incorporating exact replicas of the registered PONG trademark and trade dress on products in the classes for which the marks are registered. An example is depicted below.  Others are shown in Exhibit 3.



19.     Threadless' infringement is knowing and willful, as evidenced by (a) the sheer quantity of different counterfeit designs being sold by Threadless, (b) the exact duplication of a variety of iconic Atari designs, and (c) Threadless' pattern and practice of infringing upon the intellectual property rights of well-known brands.

20.     Threadless is aware of infringing acts on its website.  Atari is informed and believed that Threadless has been previously sued multiple times for trademark and copyright infringement for sales of infringing products on its website.

21.     Threadless has profited from its unauthorized use of Atari's intellectual property through the sale of the infringing goods, and Threadless' infringement has harmed Atari by cheapening and diluting the Atari brand, diverting profits from the sale of authentic Atari goods, and causing Atari to lose profits and licensing fees from the authorized use of its intellectual property.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Counterfeiting)

22.     Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

23.     Atari is the owner of the registered ATARI and PONG trademarks for the categories of goods on which Threadless is using the trademarks.

24.     The Atari Trademarks are valid, protectable marks.

25.     Advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks or nearly identical variations thereof of the Atari Trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

26.     Atari has never consented to Threadless' use of its trademarks.

27.     Threadless infringed upon the Atari Trademarks and engaged in trademark counterfeiting willfully.

28.     As a proximate result of the unfair advantage accruing to Threadless from using identical or nearly identical marks and deceptively trading on Atari's goodwill, Threadless has made substantial sales and profits in amounts to be established according to proof.

29.     As a proximate result of the unfair advantage accruing to Threadless from using identical or nearly identical marks and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

30.     Unless restrained by the Court, Threadless will continue to infringe Atari's trademarks. Pecuniary compensation alone will not afford Atari adequate relief for the damage to its trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Threadless and their purported goods.

31.     Threadless' acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, or to deceive, and to cause injury to the reputation and goodwill associated with Atari and its products. Pursuant to 15 U.S.C. section 1117, Atari is therefore entitled to recover three times its actual damages or three times Threadless' profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Threadless' possession.

32.     Threadless' acts have caused and will continue to cause irreparable harm to Atari unless restrained by this Court. Atari has no adequate remedy at law. Accordingly, Atari is entitled to an order enjoining and restraining Threadless and all those acting in concert with

Threadless, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling copies or substantially similar copies of Atari's trademarks.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution)

33.    Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

34.    The ATARI and PONG trademarks are widely recognized by the general consuming public of the United States.

35.    Threadless' unauthorized use of the ATARI and PONG trademarks has the effect of tarnishing and blurring Atari's authentic trademark.

36.    Atari is entitled to recover damages and/or Threadless' profits in an amount to be determined at trial.

37.    Atari is entitled to an order preliminarily and permanently enjoining Threadless from using its trademarks in the future.

38.    Because Threadless has willfully intended to cause dilution of Atari's trademarks, Atari is further entitled to recover its costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. sections 1117 and 1125(c)(2).

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin)

39.    Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

40.    The Atari Trademarks, as well as the overall look and feel of Atari's 2600 console and joystick (the "2600 trade dress"), are inherently distinctive and have also acquired secondary

meaning through extensive promotion and sales, over unsolicited press, and word of mouth for over four decades.

41.     Threadless is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks and the 2600 trade dress or nearly identical variations thereof.

42.     Threadless' use of the Atari Trademarks and the 2600 trade dress is likely to cause confusion among ordinary purchasers as to the source of the goods.

43.     Atari has never consented to Threadless' use of its trademarks or trade dress.

44.     Threadless infringed upon Atari's trademarks and trade dress willfully.

45.     As a proximate result of the unfair advantage accruing to Threadless from using similar or quasi-similar marks and trade dress and deceptively trading on Atari's goodwill, Threadless has made substantial sales and profits in amounts to be established according to proof.

46.     As a proximate result of the unfair advantage accruing to Threadless from using confusingly similar marks and trade dress and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

47.     Unless restrained by the Court, Threadless will continue to infringe Atari's trademarks and trade dress. Pecuniary compensation alone will not afford Atari adequate relief for the damage to its trademarks, trade dress, and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Threadless and their purported goods.

48.     Threadless' acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Atari and its products. Pursuant to 15 U.S.C. section 1117, Atari is therefore entitled to recover three times its actual damages or three times Threadless' profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Threadless' possession.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

49.     Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

50.     Threadless' unauthorized use of Atari's trademarks and trade dress is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Threadless' products.

51.     Atari has been, and will continue to be, damaged and irreparably harmed by the actions of Threadless unless Threadless is enjoined by this Court.

52.     Atari is entitled to recover damages and/or Threadless' profits in an amount to be determined at trial.

53.     Atari is informed and believes that Threadless committed the foregoing acts with the intention of depriving Atari of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Atari's rights. Atari is therefore entitled to an award of exemplary and punitive damages, according to proof.

## FIFTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement and Counterfeiting)

54.     Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

55.     Threadless has been and continues to be aware of – and has been and continues to contribute to – the infringement of Atari's trademarks and the use of counterfeit Atari products on its site. The infringing and counterfeit products are prominently displayed and promoted on Threadless' website. Threadless' website is configured so that a search for "Atari" or other Atari trade names will lead directly to the infringing and counterfeit goods. Threadless creates and distributes the infringing and counterfeit goods to the end consumer and facilitates the financial transactions.

56.     Alternatively, Threadless has remained willfully blind to the infringement and/or counterfeiting of Atari trademarks on its website and on the products it creates and distributes to the end consumer.

57.     Atari has been damaged by and Threadless has profited from Threadless' contributory trademark infringement and counterfeiting.

58.     To remedy Threadless' contributory trademark infringement, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

## SIXTH CLAIM FOR RELIEF

### (Vicarious Trademark Infringement and Counterfeiting)

59.     Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

60.     Threadless and the third parties who design and upload the infringing designs, and Threadless and third parties that Threadless hires to manufacture the infringing products, if any, are

in an apparent or actual partnership, have the authority to bind one another in transactions with third parties, or exercise joint ownership or control over the infringing products. Threadless is thus vicariously liable for the trademark infringement and counterfeiting of the third parties who design and upload the infringing designs onto the Threadless site as well as for that of the third parties, if any, who manufacture the infringing goods.

61.     Atari has been damaged by and Threadless has profited from Threadless' vicarious trademark infringement and counterfeiting.

62.     To remedy Threadless' vicarious trademark infringement and counterfeiting, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

63.     Atari has been damaged by and Threadless has profited from Threadless' vicarious trademark infringement. To remedy Threadless' vicarious trademark infringement, Atari is entitled to all of the remedies set forth above for direct trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Atari prays for relief against Threadless as follows:

1.     For preliminary and permanent injunctions enjoining and restraining Threadless, its agents, employees, representatives, partners, joint venturers, and anyone acting on behalf of, or in concert with Threadless, from:

> a.     designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates or is marketed in conjunction any Atari trademark or trade dress;

b. representing or implying, directly or indirectly, to retailers, customers, distributors, licensees, or any other customers or potential customers of Threadless' products that Threadless' products originate with or are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with, Atari;

2. For an order requiring the destruction of all of Threadless' infringing products and all marketing, advertising, or promotional materials depicting Threadless' infringing products;

3. For an accounting of all profits obtained by Threadless from sales of the infringing products and an order that Threadless hold all such profits in a constructive trust for the benefit of Atari;

4. For an award to Atari of all profits earned by Threadless from their infringing acts;

5. For compensatory damages according to proof;

6. For statutory damages of $2 million per registered trademark per type of goods;

7. For pre-judgment interest on all damages awarded by this Court;

8. For reasonable attorney's fees and costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant hereby demands a jury trial as provided by Federal Rule of Civil Procedure

38(a).

Dated:  San Francisco, California.

December 9, 2020

Respectfully submitted,

**BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP**


By: */s/ Joachim B. Steinberg*
    Joachim B. Steinberg
44 Montgomery Street, Suite 1280
San Francisco, California 94104
Tel: (415) 391-7100
Fax: (415) 391-7198
Email: jsteinberg@bgrfirm.com

*Attorney for Plaintiff Atari Interactive, Inc.*